IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                    No. CR 03-1890  JB

SUNSARAE D. ELLIS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Reduce Sentence, filed March 12, 2008 (Doc. 397)("Motion").  The Court held a hearing on May 22, 2008.  The primary issues are: (I) whether the Court should permit Defendant Sunsarae D. Ellis to waive presence at the May 22, 2008 hearing; and (ii) whether the Court should reduce the sentence it imposed on Defendant Sunsarae D. Ellis because of a subsequent, retroactive reduction in the applicable cocaine base Guidelines.  The Court will permit Ellis to waive presence at the hearing pursuant to rule 43(b)(4) of the Federal Rules of Criminal Procedure.  The Court will also grant the motion and sentence her to 70-months incarceration.

## PROCEDURAL BACKGROUND

In 2003, Ellis was charged with the offense of conspiracy to possess with intent to distribute cocaine base, because she possessed more than 50 grams of cocaine base with the intent to distribute the drug, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  See Docs. 1, 144, 146.  In the plea agreement, the parties stipulated that the applicable base-offense level was 34, based on Ellis having possessed 205 net grams of cocaine base.  See Doc. 146 ¶ 8, at 4.  In 2004, the base-offense level

in Ellis' case was, pursuant to the then-applicable Guidelines and based on possession of approximately 205 grams of cocaine base, 34.  With departures, including for acceptance of responsibility and for "safety valve," the Guideline calculation in Ellis' case was an offense level of 29, with a Criminal History Category of I, resulting in a Guideline range of 87-108 months. Motion ¶ 1, at 1.

On July 12, 2004, Ellis pled guilty to count 1 of a four-count indictment.  See Plea Agreement at 1, filed July 12, 2004 (Doc. 146)("Plea Agreement); Amended United States' Response to Defendant's Motion to Amend or Modify Previously Imposed Sentence of Imprisonment Filed March 12, 2008 at 1, filed March 26, 2008 (Doc. 402)("Response").  On November 19, 2004, the Court sentenced Ellis to 87-months imprisonment, at the low end of the Guideline range.  See Judgment in a Criminal Case at 2, filed November 19, 2004 (Doc. 240).  The 87-month sentence was based on a total offense level of 29 and a criminal history category of I.  See Clerk's Minutes, filed November 19, 2004 (Doc. 239).

Ellis is currently incarcerated at FCI Tallahasee in Florida.  See Motion ¶ 5, at 2.  Her current, projected release date is April 12, 2010.  See id.

Ellis, through her counsel, moves the Court, pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendments V and VI of the United States Constitution, to reduce her sentence.  See Motion at 1.  Her motion is based on Amendment 706 to the Sentencing Guidelines, which lowers the base-offense levels applicable to cocaine base or "crack" offenses, and which has been given retroactive effect.  Motion ¶ 2, at 1-2.  As a result of Amendment 706, Ellis' base-offense level for the quantity of crack cocaine that she possessed has been retroactively reduced to level 32.  See U.S.S.G. §§ 2D1.1(c)(3), 2D1.1(c)(4).

Applying the same adjustments as before, Ellis' new final offense level is 27, which results

in a new Guideline range of 70 to 87 months imprisonment.  See Motion ¶ 4, at 2.  Ellis requests that

the Court reduce the sentence imposed to 70 months.  See Motion at 2.  She argues that a sentence

at the bottom end of the recalculated Guideline range is sufficient but not greater than necessary

under 18 U.S.C. § 3553(a).  Ellis waives any right she may have to be present at a hearing on this

matter.  See Motion ¶ 5, at 2.

At the time that Ellis filed her motion, counsel for the United States, Assistant United States

Attorney James Braun, took no position on the motion.  On March 19, 2008, the Court directed the

Clerk to forward to the United States a copy of Ellis' motion, supporting papers, and exhibits.  See

Doc. 398.  The Court further ordered that, pursuant to D.N.M.LR-Cr 47.8(a), the United States

answer Ellis' motion with fourteen days of entry of the order.  See Doc. 398.

On March 26, 2008, the United States filed a response.  See Doc. 401.  On March 28, 2008,

the United States filed an amended response.  See Response.  The United States amended its

response to remove the last paragraph in the Statement of the Law, indicating that it had been added

in error.  See Response at 1.

On April 15, 2008, the United States Probation Office ("USPO") wrote a memorandum to

the Court regarding this case.  See Memorandum from Ron J. Travers, United States Probation

Officer, to the Court (dated April 15, 2008).  The USPO wrote the Memorandum "to assist in the

adjustment of [Ellis'] sentence, pursuant to the recent retroactive cocaine base guideline

amendment." Id. at 1.  Under the new Guidelines, Ellis' new offense level is 27, after an adjustment

for acceptance of responsibility.  See id. at 2.  Her criminal history category is I.  See id.  The USPO

notes that there was an adjustment to Ellis' incarceration.  See id. at 3.  The USPO states:

> According to the BOP Sentry Disciplinary Record, [Ellis] was sanctioned for the
> following violations:  Possessing Unauthorized Item (March 5, 2008); Possessing
> Unauthorized Item (March 22, 2007); Fighting with Another Person (February 10,

2006); Being in an Unauthorized Area (December 20, 2005); Being in an Unauthorized Area (October 15, 2005); Being Absent from Assignment and Being in an Unauthorized Area (July 26, 2005). It is noted that [Ellis] lost 27 days of good time credit as a sanction for being involved in a fight on February 10, 2006.

According to . . . Ellis' case manager, she has participated in several programs while in custody, including courses on job searching and living free; women's issues; anger management; and legal research I and II. Additionally, she is currently on the waiting list for business education and for the 40 hour drug and alcohol education program.

Id. at 3.

On May 21, 2008, Ellis filed a waiver of her presence for the May 22, 2008 hearing. See

Waiver of Presence at Reduction of Sentence. See Doc. 414. The waiver states:

I am Sunsarae Denise Ellis, the defendant in this case. I understand that I may be present at the hearing scheduled for May 22, 2008 on my Motion to Reduce Sentence, which was filed March 12, 2008. I have discussed my case with my attorney. Being fully advised with respect to all of the circumstances of my case, I hereby waive or give up my right to be present at the hearing on May 22, 2008. Pursuant to Rule 43(b)(4) of the Federal Rules of Criminal Procedure, I agree that the court can conduct a hearing and decide my Motion to Reduce Sentence without my presence.

Waiver at 1.

At the May 22, 2008 hearing, the United States had no objection to Ellis not being present

at the hearing. See Transcript of Hearing at 11:19-21 (taken May 22, 2008)("Tr.")(Court &

Pflugrath). Ellis' counsel, Stephen P. McCue, Federal Public Defender, reported that he spoke with

Ellis regarding her post-sentencing conduct. See id. at 15:12-13 (McCue). Mr. McCue stated that

the unauthorized item Ellis possessed on March 5, 2008 was a head scarf that was prohibited in

prison. See id. at 15:14-19 (McCue). Mr McCue stated that the other unauthorized item from

March of 2007 was chicken that Ellis had outside of the dining hall contrary to the rule against

prisoners taking food to their housing units. See id. at 15:20-23 (McCue). Mr. McCue reported that

the fight, resulting in Ellis' loss of 27 days of good time, was with another prisoner over a washer

and dryer.  See id. at 15:24-16:2 (McCue).  Mr. McCue explained that, in December of 2005, Ellis was in the yard with her friends, instead of being in her unit, resulting in the unauthorized-area violation.  See id. at 16:5-7 (McCue).  Mr. McCue states that, in July of 2005, Ellis was hanging out in the yard instead of showing up for work.  See id. at 16:10-11 (McCue).  Mr. McCue characterized Ellis' post-sentencing violations as "internal institutional matters."  Id. at 12-13 (McCue).  Mr. McCue stated that he "obviously [has not] seen enough to tell the Court . . . whether this is unusual but [does] note [Ellis] is at a medium security prison so she obviously [has not] been enough of a problem . . . that they've moved her to a penitentiary or high [security] facility."  Id. at 16:13-17 (McCue).  Mr. McCue represented that, if the Court granted Ellis' motion, she  would be eligible to move to a halfway house in June or July of 2008.  See Tr. at 10:22-11:1 (Court & McCue).[1]  The United States did not oppose imposition of a sentence at the low end of the Guideline range, despite the USPO's comments regarding Ellis' post-sentencing conduct.  See id. at 12:21-13:9 (Pflugrath & Court).  The United States commented that Ellis' post-sentencing conduct has not been egregious. See id. at 13:24-14:1 (Pflugrath).

## AMENDMENT 706

18 U.S.C. § 3582(c)(2) provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). In U.S.S.G. § 1B1.10 of the Guidelines, the Sentencing Commission has

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

identified the amendments that may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2), and articulated the proper procedure for implementing the amendment in a concluded case.  See U.S.S.G. § 1B1.10.  Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2) and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."   A Guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10©.  See, e.g., United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993)(stating that "[t]he policy statements accompanying U.S.S.G. § 1B1.10 provide that if an amendment is not listed as covered, a reduction in sentence based on the amendment would not be consistent with the policy statement."); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004)(noting that "Amendment 645 is not listed in section 1B1.10© and therefore may not be applied retroactively on a section 3582 motion."); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003)("Thus, only amendments, clarifying or not, listed under subsection © of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)."); United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997)("[ The] amendment is not listed. . . in U.S.S.G. § 1B1.10©, which governs the retroactivity of Guideline amendments and specifies which amendments a defendant may invoke pursuant to § 3582(c)(2) . . . . Accordingly, § 3582 is inapplicable.")(internal citation omitted); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996)("Application Note 1 to U.S.S.G. § 1B1.10 makes it clear that [e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection © [of U.S.S.G. § 1B1.10] that lowers the guideline range.")(internal quotations omitted); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994)("If

none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement."); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993)("Section 1B1.10(a) of the 1992 Sentencing Guidelines states that if an amendment is not specifically listed in U.S.S.G. § 1B1.10(d), a reduction is not consistent with the Sentencing Commission's policy statement.").

On November 11, 2007, a revised version of § 1B1.10 became effective which emphasizes the limited nature of relief available under 18 U.S.C. § 3582©.  See U.S.S.G. § 1B1.10.  Revised U.S.S.G. § 1B1.10(a), which went into effect on March 3, 2008, provides, in relevant part:

> (1)  In General. -- In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection © below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2)  Exclusions. -- A reduction in the defendant's term of imprisonment is not consistent wit this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if --
>
>> (A)  none of the amendments listed in subsection © is applicable to the defendant; or
>>
>> (B)  an amendment listed in subsection © does not have the effect of lowering the defendant's applicable guideline range.
>
> (3)  Limitation. -- Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full re-sentencing of the defendant.

U.S.S.G. § 1B1.10(a).  The amendment in question in this matter is Amendment 706 to U.S.S.G. § 1B1.10, effective November 1, 2007, which reduced the base offense level for most cocaine base or crack offenses.  See U.S.S.G., Supplement to Appendix C, Amendment 706 at 226.  Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711,

also effective November 1, 2007.  See U.S.S.G., Supplement to Appendix C, Amendment 711, at 241-44.  On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in U.S.S.G. § 1B1.10© that may be applied retroactively.  See U.S.S.G. § 1B1.10©, 2007 Amendments.  Amendment 713 made Amendment 706 retroactive, effective March 3, 2008.  See U.S.S.G., Supplement to Appendix C, Amendment 713.

"Consistent with 18 U.S.C. 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. 3553(a) in determining: [(I)] whether a reduction in the defendant's term of imprisonment is warranted; and [(ii)] the extent of such reduction, but only within the limits described in subsection (b)."  U.S.S.G. § 1B1.1 cmt. app. n.1(B)(I).   In Amendment 706, the Commission generally reduced by 2 levels the offense levels applicable to crack cocaine.  See U.S.S.G., Supplement to Appendix C, Amend. 706 at 226-31. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio that Congress applied to powder cocaine and crack cocaine offenses in setting statutory mandatory-minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  See id.

Before the amendment, the Commission had set the crack offense levels in U.S.S.G. § 2D1.1 above the range that included the mandatory minimum sentences.  See U.S.S.G., Supplement to Appendix C, Amendment 706 at 230; Response at 4.  Under the amendment, the Commission has set the offense levels so that the resulting Guideline range includes the mandatory-minimum penalty triggered by that amount, and then sets corresponding offense levels for quantities that fall below, between, or above quantities that trigger statutory mandatory-minimum penalties.  See U.S.S.G., Supplement to Appendix C, Amendment 706 at 230; Response at 4. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five-years imprisonment.  See 21 U.S.C. § 841(b)(1)(B).  The revised Guideline applies an offense

level of 24 to a quantity of cocaine base or crack of at least five grams but less than 20 grams; at a criminal history category I, this level produces a range of 51 to 63 months, which encompasses the 60-month mandatory minimum.  See U.S.S.G. § 2D1.1(c)(8);Sentencing Table; Response at 5.

The final result of the amendment is a reduction of 2 levels for each of the ranges set in the Guidelines for crack offenses.  See U.S.S.G., Supplement to Appendix C, Amendment 706 at 230 At the high end, the Guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more.  See U.S.S.G. § 2D1.1, Historical Notes, 2007 Amendments.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.  See U.S.S.G. § 2D1.1(c)(1).  At the low end, the Guideline previously assigned level 12 to a quantity of less than 250 milligrams.  See U.S.S.G., Supplement to Appendix C, Amendment 706 at 227; U.S.S.G. § 2D1.1, Historical Notes, 2007 Amendments. That offense level now applies to a quantity of less than 500 milligrams.   See U.S.S.G. § 2D1.1(c)(14).  Amendment 711 also made conforming amendments to the drug conversion chart, which is employed where the offenses of conviction involved crack as well as other controlled substances, which is what happened in this case.  See U.S.S.G., Appendix C, Amendment 711 at 241-44.

Although a defendant may qualify for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. The Court's discretion is set forth in 18 U.S.C. § 3582(c)(2), which provides: "[T]he court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the

Guideline range is actually reduced.  United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998).

In United States v. Vautier, the United States Court of Appeals for the Eleventh Circuit held that the sentencing court did not abuse its discretion in denying, upon considering the 18 U.S.C. § 3553(a) factors, a 18 U.S.C. § 3582(c)(2) motion for reduction of sentence.  See 144 F.3d at 763. The sentencing court denied the motion, stating that, "'in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines.'"  United States v. Vautier, 144 F.3d at 759.  Similarly, U.S.S.G. § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.10 app. n.1(B)(I).  See U.S.S.G. § 1B1.10 Background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994)(stating that the "defendant is not entitled to an automatic reduction despite this rationale. Under the provisions of 18 U.S.C. § 3582(c)(2), reduction is discretionary. . .  guided to the extent they are applicable by the factors contained in 18 U.S.C. § 3553(a).")(internal citation omitted); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997)("The district court has the discretion to apply Amendment 516 retroactively")(citing U.S.S.G. § 1B1.10©); United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995)(holding that the sentencing court permissibly declined to exercise its discretion to reduce the defendant's sentence); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993)("Section 1B1.10 does not mandate that [an a]mendment . . . be applied retroactively, but instead gives the sentencing court the discretion . . .

to apply it."); <u>United States v. Wales</u>, 977 F.2d 1323, 1327-28 (9th Cir. 1992)("Thus, while [the defendant] is not necessarily entitled to a reduction in the offense level -- section 1B1.10(a) does not mandate the use of the lesser enhancement, but merely affords the sentencing court discretion to utilize it -- he is entitled to have his sentence reviewed in light of the amendment.")(internal citations omitted).

"Thus, reading § 3553(c)(2) and the Sentencing Guidelines together, the [sentencing] court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." <u>United States v. Vautier</u>, 144 F.3d at 760.  U.S.S.G. § 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection © had been in effect at the time the defendant was sentenced.

U.S.S.G. § 1B1.10(b).  Thus, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed.  In undertaking this first step, only the amended guideline range is changed.  All other guideline application decisions made during the original sentencing remain . . . intact." <u>United States v. Vautier</u>, 144 F.3d at 760.  Secondly, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." <u>United States v. Vautier</u>, 144 F.3d at 760.  The United States Court of Appeals for the Eighth Circuit has also endorsed and explained at length this two-step procedure.  <u>See United States v. Hason</u>, 245 F.3d 682, 684-85 (8th Cir. 2001)(en banc).

In <u>United States v. Legree</u>, 205 F.3d 724 (4th Cir. 2000), the United States Court of Appeals for the Fourth Circuit stated that it disagreed with the need for or utility of the two-step method.  <u>See</u> 205 F.3d at 728 ("While we recognize that other circuits have adopted this procedure, <u>see</u>, <u>e.g.</u>,

-11-

United States v. Vautier, 144 F.3d 756, 760 (11th Cir.1998) . . . United States v. Wyatt, 115 F.3d 606, 609 (8th Cir.1997), we respectfully disagree with the necessity and utility of this method."). The essence of the Fourth Circuit's ruling, however, was that the district court's proper consideration of the factors relevant to a 18 U.S.C. § 3582(c)(2) reduction of sentence, including consideration of the  18 U.S.C. § 3553(a) factors, could be presumed from the record.  See United States v. Legree, 205 F.3d at 728-29.  The Fourth Circuit did not criticize the underlying proposition that a trial court should consider the Guideline range as affected only by the Guideline amendment, and should then apply the 18 U.S.C. § 3553(a) factors in determining whether to reduce the sentence.  See United States v. Legree, 205 F.3d at 728 ("A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.").

Subject to the limits set forth in U.S.S.G. § 1B1.10(b), the court may consider all pertinent information in applying the 18 U.S.C. § 3553(a) factors, and in determining whether and by how much to reduce the defendant's sentence.  See U.S.S.G. § 1B1.10 cmt. app. n.(B)(I).   In particular, the court must consider public-safety factors, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative.   See U.S.S.G. § 1B1.10 cmt. app. n.(B)(iii).   Application Notes to U.S.S.G. § 1B1.10 provide:

> (ii) **Public Safety Consideration.**--The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I)Whether such a reduction is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

> (iii) **Post-Sentencing Conduct.** -- The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is

-12-

warranted; and (II) the extent of such reduction, but only within the limits described
in subsection (b).

U.S.S.G. §§ 1B1.10 cmt. app. n.(B)(ii) and (iii)(bolded in original).

If a sentencing court decides to reduce the sentence, the extent of the reduction is limited.

Congress delegated to the Sentencing Commission the authority to determine to what extent a

sentence may be reduced.  See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u)("If the Commission

reduces the term of imprisonment recommended in the guidelines applicable to a particular offense

or category of offenses, it shall specify in what circumstances and by what amount the sentences of

prisoners serving terms of imprisonment for the offense may be reduced.").  The Commission, in

turn, directed sentencing courts, in U.S.S.G. § 3582(c)(2), that, with one exception -- where the

defendant earlier received a below-Guideline sentence -- "the court shall not reduce the defendant's

term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less

than the minimum of the amended guideline range determined under subdivision (1)."  U.S.S.G. §

1B1.10(b)(2)(A).  An Application Note to U.S.S.G. § 1B1.10 states:

> Under subsection (b)(2), the amended guideline range determined under subsection
> (b)(1) and the term of imprisonment already served by the defendant limit the extent
> to which the court may reduce the defendant's term of imprisonment under 18 U.S.C.
> 3582(c)(2) and this policy statement. Specifically, if the original term of
> imprisonment imposed was within the guideline range applicable to the defendant
> at the time of sentencing, the court shall not reduce the defendant's term of
> imprisonment to a term that is less than the minimum term of imprisonment provided
> by the amended guideline range determined under subsection (b)(1).

U.S.S.G. § 1B1.10 cmt. app. n.3.  Application Note 3 provides an example of this rule's application:

> For example, in a case in which: (A) The guideline range applicable to the defendant
> at the time of sentencing was 41 to 51 months; (B) the original term of imprisonment
> imposed was 41 months; and © the amended guideline range determined under
> subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term
> of imprisonment to a term less than 30 months.

U.S.S.G. § 1B1.10 cmt. app. n.3.  Thus, the court may not reduce the sentence below the range

provided by the amended Guideline, and "in no case . . . shall the term of imprisonment be reduced

below time served." U.S.S.G. § 1B1.10 cmt. app. n.3.

      Application Note 4(B) provides further guidance:

> If the prohibition in subsection (b)(2)© relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. 3583(e)(1). However, the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range determined under subsection (b)(1) shall not, without more, provide a basis for early termination of supervised release. Rather, the court should take into account the totality of circumstances relevant to a decision to terminate supervised release, including the term of supervised release that would have been appropriate in connection with a sentence under the amended guideline range determined under subsection (b)(1).

U.S.S.G. § 1B1.10 cmt. app. n.4(B).   That issue is not ripe, however, with regard to current

prisoners.   A court may not reduce a term of supervised release under a motion pursuant to 18

U.S.C. § 3582(c)(2).   A motion for reduction of supervised release is governed by 18 U.S.C. §

3583(e)(1) and may be filed "at any time after the expiration of one year of supervised release." 8

U.S.C. § 3583(e)(1).   The motion must address "the conduct of the defendant released and the

interests of justice." Id.

      Rule 43 of the Federal Rules of Criminal Procedure discusses the defendant's presence at

different stages of criminal proceedings.   A defendant must be present at sentencing.   See Fed. R.

Crim. P. 43(a)(3).   A defendant need not, however, be present when the proceeding involves the

reduction of sentence under 18 U.S.C. § 3582©.   See Fed. R. Crim. P. 43(b)(4).   Rule 43 of the

Federal Rules of Criminal Procedure provides: "A defendant need not be present under any of the

following circumstances: . . . Sentence Correction. The proceeding involves the correction or

reduction of sentence under Rule 35 or 18 U.S.C. § 3582©." Fed. R. Crim. P. 43(b)(4)(emphasis

added).

The United States Court of Appeals for the Tenth Circuit has explained that United States v. Booker, 543 U.S. 220 (2005), "does not provide a basis for sentence reduction under § 3582©." United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006). The Tenth Circuit stated that a sentencing court "is authorized to modify a [d]efendant's sentence only where Congress has expressly granted the court jurisdiction to do so." Id. (emphasis in original). "Thus, even if Booker could be read to be an implicit lowering of [a defendant']s sentencing range, § 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range." Id. (emphasis in original). See United States v. Wise, 515 F.3d 207, 221 n.11 (3d Cir. 2008)(stating that "[s]ome may argue that, because the Guidelines are no longer mandatory, defendants need not wait to apply for relief under § 3582(c)(2). That fundamentally misunderstands the limits of Booker. Nothing in that decision purported to obviate the congressional directive on whether a sentence could be reduced based on subsequent changes in the guidelines."); United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007)(explaining that "Section 3582 provides that the court may modify a sentence when the Sentencing Commission has lowered the relevant sentencing range. Thus, relief is available only if the Sentencing Commission changes a sentencing range, and Booker cannot be construed as a change to a sentencing range by the Sentencing Commission."); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005)(noting that "Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions.").

In United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), the United States Court of Appeal for the Ninth Circuit "consider[ed] whether United States v. Booker's requirement that the district courts treat the United States Sentencing Guidelines as advisory applies to the re-sentencing of

defendants pursuant to 18 U.S.C. § 3582©." 472 F.3d at 1168. The Ninth Circuit held that Booker applies to such situations. See 472 F.3d at 1168. For the Ninth Circuit, the issue was whether the sentencing court's recalculated guideline range, pursuant to 18 U.S.C. § 3582, "imposes a mandatory sentencing range or an advisory one." United States v. Hicks, 472 F.3d at 1170. The Ninth Circuit "believe[d] that the clear language of Booker makes the range advisory." Id. The Ninth Circuit stated that, because the Supreme Court made the Guidelines advisory in Booker and "never suggested, explicitly or implicitly, that the mandatory Guideline regime survived in any context," the sentencing courts "are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)(2)." United States v. Hicks, 472 F.3d at 1170.

In United States v. Hicks, the Ninth Circuit distinguished the Tenth Circuit's logic in United States v. Price by stating that the defendant was "not arguing that he deserves a § 3582(c)(2) re-sentencing because of Booker. [The defendant's] entitlement is based on 18 U.S.C. § 3582(c)(2)." United States v. Hicks, 472 F.3d at 1171. The Ninth Circuit characterized United States v. Price as "address[ing] a wholly distinct issue: whether Booker itself provides the requisite authority to reopen sentencing proceedings under § 3582©." United States v. Hicks, 472 F.3d at 1171. The Ninth Circuit held that, where a defendant is "already eligible for a § 3582(c)(2) re-sentencing because the Sentencing Commission had lowered the applicable Guidelines range," reliance on cases like United States v. Price is "misplaced." United States v. Hicks, 472 F.3d at 1171.

The Ninth Circuit acknowledged that "§ 3582(c)(2) proceedings do not constitute full re-sentencing" but asserted that:

> The dichotomy drawn by the [United States], where full re-sentencings are performed under an advisory system while reduction proceedings, or modifications, rely on a mandatory Guideline system is false. . . . Booker excised the statutes that

made the Guidelines mandatory and rejected the argument that the Guidelines may remain mandatory in some cases but not in others.  Mandatory Guidelines no longer exist, in this context or any other.

United States v. Hicks, 472 F.3d at 1171-72.

In a separate but related matter, the Supreme Court of the United States recently held in Kimbrough v. United States, ---U.S.---, ---, 128 S.Ct. 558 (2007), that district courts "may determine, however, that, in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing. . . . In making that determination, the judge may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses." 128 S.Ct. at 564 (citing 18 U.S.C. § 3553(a))(internal quotations omitted).

## ANALYSIS

The Court agrees with the parties that Ellis' presence at the hearing is not necessary.  Rule 43(a)(3) specifically states that her presence is not necessary.  U.S.S.G.  1B1.10(a) emphasizes that a reduction in sentence under 18 U.S.C. § 3582(c)(2) is not a "full re-sentencing."  U.S.S.G. § 1B1.10(a).

Moreover, Ellis does not ask for any reduction below the recalculated Guideline sentence. There is no request for a further departure or variance.  Further, she has provided a signed waiver with the assent of counsel.  At least under these specific circumstances, her presence at the hearing on her motion is not necessary.

As to the merits of the motion, the United States agrees that Amendment 706 applies in this case.  Amendment 706 to the United States Sentencing Guidelines lowers the base offense level for the amount of cocaine base in this case from level 34 to level 32.  Applying the 2-level reduction, and the original departures, the Guidelines in this case become 70 to 87 months.

The Court's previous decision to sentence Ellis at the bottom end of the Guidelines range

would be reasonable with respect to the recalculated sentence.  The Court believes, after applying the Sentencing Guideline policies and the 18 U.S.C. § 3553(a) factors to Ellis' circumstances and the nature of her offense, that the imposition of a sentence of 70 months is sufficient but not greater than necessary.  The Court believes that a sentence of 70 months reflects the seriousness of Ellis' offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public.  The Court has also considered Ellis' post-sentencing conduct, and does not believe that her conduct precludes a sentence at the low-end of the Guidelines range.

Moreover, the Court does not, as a district court within the Tenth Circuit, believe it has discretion to sentence Ellis at a sentence below the low end of the Guideline range.  While there are distinctions in the procedural postures of United States v. Price and United States v. Hicks, the Tenth Circuit stated in United States v. Price that United States v. Booker "does not provide a basis for sentence reduction under § 3582©."  United States v. Price, 438 F.3d at 1007.  The Tenth Circuit's position is that a sentencing court "is authorized to modify a [d]efendant's sentence only where Congress has expressly granted the court jurisdiction to do so."  Id. (emphasis in original).  Even if "[m]andatory Guidelines no longer exist, in this context, or any other," United States v. Hicks, 472 F.3d at 1172, Congress "shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced," 28 U.S.C. § 994(u).  "Thus, even if Booker could be read to be an implicit lowering of [a defendant]'s sentencing range, § 3582(c)(2) only expressly allows a reduction where the Sentencing Commission, not the Supreme Court, has lowered the range."  United States v. Price, 438 F.3d at 1007 (emphasis in original).  The Tenth Circuit held in United States v. Price that sentencing courts do not possess discretion to modify defendant's sentences without a grant of jurisdiction from Congress, see United States v. Price, 438 F.3d at 1007, and did not address only "whether Booker itself provides the requisite

authority to reopen sentencing proceedings under § 3582©," United States v. Hicks, 472 F.3d at 1171. The Court does not believe that it has discretion to go below the recalculated Guidelines range, because Congress has not expressly granted the Court jurisdiction to do so.[2]

Even if, however, the Court had discretion to go below the recalculated Guidelines range, it would not, under the factors in 18 U.S.C. § 3553(a), exercise its discretion to impose a sentence below the Guidelines range. The Court continues to see Ellis' case as within the heartland of cases the federal courts see, and Ellis agrees that her case does not present any unusual factors. Accordingly, because the issue in Kimbrough v. United States is not pertinent to this case, and because this case involves only a 18 U.S.C. § 3582(c)(2) reduction based on a specific Guideline amendment, the Court also does not believe that a variance from the Guideline sentence -- under United States v. Booker and the factors in 18 U.S.C. § 3553(a) -- is warranted and appropriate.

**IT IS ORDERED** that the Defendant's Motion to Reduce Sentence is granted. Defendant Sunsarae D. Ellis' sentence is reduced to 70 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
  United States Attorney
James R.W. Braun
William J. Pflugrath
  Assistant United States Attorneys
Albuquerque, New Mexico

---

[2] The Court need not decide any constitutional issues with which the Ninth Circuit in United States v. Hicks may have had to wrestle, because Ellis does not make them and does not seek a reduction below the Guideline range.

-19-

*Attorneys for the Plaintiff*

Stephen P. McCue
  Federal Public Defender
Albuquerque, New Mexico

*Attorney for the Defendant*